## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| In re Cynthia A. Chaney, | Case No. 15-20725 |
|---|---|
| Debtor | Chapter 7 |

## **OPINION**

This matter came before me on the chapter 7 trustee's objection to debtor Cynthia A. Chaney's claim of exemption in her wedding and engagement rings. (Docket Entry "DE" 15). The parties briefed the issue and presented oral argument. Based upon my consideration of the pleadings and the arguments made by the parties, I find that Ms. Chaney's wedding and engagement rings are exempt property and for the reasons set forth in the opinion below, the trustee's objection is overruled.

### I.  JURISDICTION AND VENUE.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and the general order of reference entered in this district pursuant to 28 U.S.C. § 157(a). D. Me. Local R. 83.6(a). Venue here is proper pursuant to 28 U.S.C. § 1408(1). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(B).

### II.  BURDEN OF PROOF.

According to Federal Rule of Bankruptcy Procedure 4003(c), the burden of proof is on the trustee to establish that Ms. Chaney is not entitled to exempt the full value of her

rings.  In re Gourdin, 431 B.R. 885, 891 (B.A.P. 1st Cir. 2010); see also In re Toppi, 378 B.R. 9, 11 (Bankr. D. Me. 2007), as amended (Nov. 15, 2007); In re Cole, 185 B.R. 95, 96 (Bankr. D. Me. 1995).[1]

### III.  FACTS.

The essential facts are undisputed and simple.  On October 19, 2015, Ms. Chaney filed for chapter 7 bankruptcy protection.  She listed her assets and liabilities within her schedules and statements which were filed shortly thereafter.  She claimed that her wedding and engagement rings, valued at $5,200, were fully exempt under Maine law.  The trustee objected, arguing that Maine law permits an exemption in jewelry up to a maximum value of $750.

### IV.  DISCUSSION.

The Bankruptcy Code allows individual debtors to protect items that otherwise would be property of the bankruptcy estate.  11 U.S.C. §522.[2]  Section 522 permits debtors "two choices: they may claim exemptions pursuant to state law, or they may use the federal exemptions delineated in §522(d). States may 'opt out,' limiting resident debtors to the state-provided exemptions—ruling out the option of employing those available under § 522(d)."  In re Tetrault, 2013 WL 3479656, at *1, 2013 Bankr. LEXIS

---

[1]  Though not controlling here, I note that a nascent minority of courts, and at least one commentator, have concluded that Rule 4003(c) "is invalid to the extent it assigns the burden of proof on an objection to a state-law claim of exemption in a manner contrary to state law." In re Tallerico, 532 B.R. 774, 776 (Bankr. E.D. Cal. 2015); see also In re Diaz, 547 B.R. 329, 337 (B.A.P. 9th Cir. 2016); 2016 No. 5 Norton Bankr. L. Adviser NL 1 Russell on Evidence: Ninth Circuit BAP Holds that Debtor has Burden of Proof to Establish Entitlement to State Law Claims of Exemption.

[2] All references to the "Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, et seq.

2773 (Bankr. D. Me. July 10, 2013). The Maine Legislature chose to "opt out" of the exemptions provided in the Code and so, as a general matter, individual debtors in Maine must look to Maine law for their exemptions in bankruptcy proceedings. 14 M.R.S.A. § 4426.

Maine's exemptions are, for the most part, set forth in Title 14, Chapter 507, Article 7 of the Maine Revised Statutes.[3] 14 M.R.S.A. §§4421 – 4426. Section 4422 contains a list of various categories of exempt property, and subsection 4 protects "[t]he debtor's aggregate interest, not to exceed $750 in value, in jewelry held primarily for the personal, family or household use of the debtor or a dependent of the debtor and the debtor's interest in a wedding ring and an engagement ring." 14 M.R.S.A. §4422(4).[4] The trustee argues that this language must be read to impose a $750 exemption limit to *all* jewelry claimed by the debtor, including wedding and engagement rings. Relying on the language of the previous iteration of the exemption statute, he maintains that the current practice in Maine bankruptcy cases of treating the language of 14 M.R.S.A. §4422(4) as two separate clauses is incorrect and that the Maine Legislature intended that the provision should be read as one clause, with one limit on all jewelry. Ms. Chaney disagrees and contends that the plain language of the statute allows her to claim an exemption up to $750 in her personal jewelry and an unlimited exemption in her wedding and engagement rings.

---

[3] A few state law exemptions are found elsewhere. For example, compensation awarded under the Maine's Workers' Compensation Act of 1992, as amended, is generally exempt from attachment but is not listed in Title 14. 39-A M.R.S.A. §106.

[4] There are no reported cases construing this subsection.

The first step to resolve this disagreement is to examine the language of the statute itself. "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54 (1992) (collecting authorities). If the language of the statute is unambiguous then the "judicial inquiry is complete". Rubin v. United States, 449 U.S. 424, 430 (1981); *see also,* Irving Pulp & Paper, Ltd. v. State Tax Assessor, 2005 ME 96, ¶ 8, 879 A.2d 15, 18 ("Only if the language of a statute is ambiguous will we look beyond it to the legislative history or other external indicia of legislative intent").

I find that the wording of 14 M.R.S.A. §4422(4) is unambiguous. It allows debtors to protect two separate types of jewelry: (1) personal jewelry and (2) two rings connected to the institution of marriage. The word "and" is a conjunction used to connect the two categories of exempt property within subsection 4. The first category has a limit: debtors can exempt up to $750 of jewelry held primarily for personal, family or household use. The second group has no limit: debtors are permitted to protect their full interests in a wedding ring and an engagement ring. The plain language distinguishes the extent of protection available to debtors in these two types of jewelry. This construction is consistent with the protections provided in the entire Maine exemption scheme. "Traditionally, courts understood that a 'clear and unambiguous' provision has a meaning not contradicted by other language in the same act." 2A Sutherland Statutory Construction § 46:4 (7th ed.). Section 4422 contains 16 subsections describing the protections available to different categories of property. Some cap the dollar amount of

the exemptions,[5] others provide unlimited exemptions,[6] and the remainder, including §4422(4), do both.[7] There is nothing in the other subsections of §4422 or the other sections of the Maine exemption act, 14 M.R.S.A. §§ 4421, 4423-4426, which undermines a straightforward reading that §4422(4) fully shelters Ms. Chaney's rings from the reach of the trustee.

Because I find that no ambiguity in the statute, there is no need to consider the legislative history of the statute to plumb its meaning. The trustee's objection to Ms. Chaney's claim of exemption in her wedding ring and engagement ring will be denied. A separate order shall issue.

Date: August 23, 2016             /s/ Peter G. Cary
                                  Peter G. Cary
                                  United States Bankruptcy Judge

---

[5] 14 M.R.S.A. §4422(1)(residential property); 14 M.R.S.A. §4422(2)(motor vehicles); 14 M.R.S.A. §4422(3)(clothing, appliances and household items); 14 M.R.S.A. §4422(5)(tools of trade); 14 M.R.S.A. §4422(11)(life insurance); 14 M.R.S.A. §4422(15)(the "wild card" property); and 14 M.R.S.A. §4422(16)(unused portion of the residential property exemption).

[6] 14 M.R.S.A. §4422(6)(furnaces, stoves and fuel); 14 M.R.S.A. §4422(7)(food, produce and animals); 14 M.R.S.A. §4422(8)(farm equipment); 14 M.R.S.A. §4422(9)(fishing boats); 14 M.R.S.A. §4422(9-A)(logging equipment); 14 M.R.S.A. §4422(10)(unmatured life insurance contracts); and 14 M.R.S.A. §4422(12)(health aids).

[7] 14 M.R.S.A. §4422(13)(public assistance benefits; domestic support maintenance; certain employment benefits; and IRAs; and 14 M.R.S.A. §4422(14)(legal awards and life insurance benefits).